ONEIDA NAVIGATION CORPORATION, Plaintiff, *v.* ALLIANCE ASSUR-
ANCE COMPANY, LIMITED, and Others, Defendants.

Supreme Court, New York County, June 23, 1926.

Ships and shipping — general average — action to recover shipowner's
contribution toward expenditures in general average — policy was
written on plaintiff's schooner " at and from Newport News, Va."—
complaint sufficient — whether policy had attached when collision
occurred is question which cannot be determined on pleadings —
application of general average depends on time of dry-docking of
ship — whether unseaworthiness of vessel arose from plaintiff's negli-
gence raises question of fact.

A motion to dismiss the complaint on the ground of insufficiency, in an action
on a marine insurance policy to recover the shipowner's share in general
average, must be denied where it appears that the policy purported to cover
plaintiff's schooner " at and from Newport News, Va.," and the complaint
alleges that the schooner was damaged at Lambert's Point, near Newport News;
and that the defect was not discovered until after the vessel had taken on its
cargo and left Newport News, when the cargo was discharged and the vessel
put in dry dock. Whether or not the policy had attached when the schooner
was damaged at Lambert's Point depends on whether or not that point is a
part of Newport News in a maritime sense, which is a question of fact which
cannot be determined on the pleadings.

However, interpreting the complaint as alleging that the policy had not attached
when the vessel was damaged, defendant's position is no better, for the appli-
cation of general average depends on the time of the dry-docking of the ship;
furthermore, defendant's reliance on its claim that the unseaworthiness of the
schooner arose from plaintiff's fault or negligence raises a question of fact as
to whether or not the defect was discoverable by any exercise of due diligence
on plaintiff's part.

MOTION to dismiss complaint on the ground that it does not
state facts sufficient to constitute a cause of action.

*Hunt, Hill & Betts*, for the plaintiff.

*Barry, Wainwright, Thacher & Symmers*, for the defendants.

BIJUR, J. This is a motion to dismiss the complaint on the
ground that it does not state facts sufficient to constitute a cause
of action. This action is brought against underwriters to recover
the plaintiff shipowner's share or contribution toward expenditures
in general average. The policies of insurance are written upon
plaintiff's schooner " at and from Newport News, Va."

The complaint alleges that the schooner sailed from New York
for Newport News. Before the vessel dropped anchor off the
coal pier at Newport News she had stopped at Lambert's Point,
Hampton Roads, where a coal hoister, which had been drawn

alongside to discharge ballast, was caused by a storm to hit the schooner, and as was afterward discovered, loosened some of her planking. The fact was not known at the time, and after the vessel had taken on her cargo the defect was discovered while the vessel was in the stream, whereupon her master decided for the safety of all concerned to discharge the cargo and have the vessel placed in dry dock where the defect was repaired. A general average statement was prepared in the usual way covering the disbursements attendant on the dry docking, repair, etc.

Defendants' first contention is that at the time the damage was sustained the vessel had not arrived at Newport News, and it is urged in substance that the court may take judicial notice of the fact that Lambert's Point is not a part of Newport News in the maritime sense. I agree with the plaintiff in this respect, that at best this is a question of fact which cannot be decided upon the pleadings.

The defendants urge further that, if the risk be regarded as having attached, there is no such extraordinary circumstance shown as would warrant the application of general average; and, *second*, that the expenses were not incurred for the benefit of the entire venture. More or less these two claims depend upon the proposition that, since the shipowner warrants the seaworthiness of the vessel, damage resulting from the breach of that warranty cannot be made the basis of general average. If, however, the facts stated in the complaint be interpreted as indicating that the policy had not attached at the time the vessel was injured, and that she was, therefore, in fact unseaworthy when she actually made fast to the pier at Newport News, I am inclined to agree with plaintiff's contentions, *first*, that the application of general average depends not upon the date of the injury but the date of the " sacrificial act," in this case the dry docking of the ship (*Norwich & N. Y. Transp. Co. v. Insurance Co. of North America,* [D. C.] 118 Fed. 307–309. See, also, *Willcox, Peck & Hughes* v. *American Smelting & Refining Co.,* [D. C.] 210 Fed. 89, and *Fowler* v. *Rathbones,* 12 Wall. 102); and, *second,* that so far as defendant relies on the unseaworthiness as arising from plaintiff's fault or negligence the " Jason " clause protects the plaintiff, " if the defect or unseaworthiness was not discoverable by the exercise of due diligence." (*The Jason,* 225 U. S. 32.) This in turn suggests issues of fact that must be tried.

Motion denied. Orders signed.